DENNIS, Circuit Judge,
concurring:
I specially and respectfully concur in the result of the majority opinion upholding the dismissal of Torres’ application for a writ of habeas corpus. Torres has failed to allege facts which, if proven, demonstrate that a constitutional violation occurred in connection with his guilty plea, or that he is probably innocent of “carrying” a firearm. Torres’ case therefore is not one which, under Bous-ley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), a habeas petitioner, despite his failure to challenge his guilty plea on direct appeal, may have remanded to the district court for a determination of whether a constitutional error in his plea colloquy probably resulted in the conviction of one who is actually innocent.
In Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court held that a habeas petitioner who did not challenge his guilty plea on direct appeal, but who alleged that, when he pleaded guilty in 1990 to “using” a firearm in violation of 18 U.S.C. § 924(c)(1), he was advised by the trial judge, by his own lawyer, and by the prosecutor that mere possession of a firearm would support a conviction of “use” of a firearm under § 924(c)(1), was entitled to an opportunity on remand to the district court to establish that the constitutional error in his plea colloquy “ ‘has probably resulted in the conviction of one who is actually innocent.’ ” Id. at-, 118 S.Ct. at 1611, quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Bousley apparently alleged or pointed to facts which, if proven, demonstrated that he was actually innocent of “using” a firearm, and that he was induced to enter an unintelligent and therefore constitutionally invalid plea to the offense by the legal advice he received, which was critically incorrect in light of the holding in Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that § 924(c)(1)’s “use” prong requires the government to show “active employment of the firearm.”
Bousley is apparently the first case in which the Supreme Court has recognized the possibility of applying the actual-innocence exception in a case in which a defendant has asked a habeas court to adjúdicate a successive or procedurally defaulted constitutional claim after his guilty plea conviction. See *914 Bousley, 523 U.S. at-, 118 S.Ct. at 1615 (Scalia, J., dissenting)(“In every one of our cases that has considered the possibility of applying this so-called actual-innocence exception, a defendant had asked a habeas court to adjudicate a successive or procedurally defaulted constitutional claim after his conviction by a jury, [citing authorities].”)
In doing so, the court adopted the standard of proof governing a district court’s actual-innocence inquiry formulated by its opinions commenting on the subject in jury conviction cases. Id. at-, 118 S.Ct. at 1611. (“Petitioner’s claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy ‘has probably resulted in the conviction of one who is actually innocent.’ Murray v. Carrier, 477 U.S. at 496, 106 S.Ct. 2639 [ ]. To establish actual innocence, petitioner must demonstrate that, ‘ “in light of all the evidence,:” ’ ‘it is more likely than not that no reasonable juror would have convicted him.’ Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 130 L.Ed.2d 808 [ ] (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U, Chi. L.Rev. 142, 160 (1970)).”)
The Bousley court, however, did not articulate clear guidelines as to the pleadings or preliminary showing necessary to trigger an actual-innocence inquiry in a guilty plea conviction case. But it appears that the pleading requirements are analogous to those that may be gleaned from the court’s discussion of the actual-innocence exception in jury conviction cases — to state a substantial actual-innocence claim, the habeas petitioner must allege or point to facts which, if proven, would demonstrate that a constitutional violation probably resulted in the conviction of a person who is actually innocent. The general rule announced in Carrier is that “in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.” 477 U.S. at 496, 106 S.Ct. 2639; see also Kuhlmarm, 477 U.S. at 452, 106 S.Ct. 2616 (expressing the same principle and underlying reasons) and Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). This rule rests in part on the fact that habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare. Schlup v. Delo, 513 U.S. at 321, 115 S.Ct. 851. Thus the claim of actual innocence must be one that is “extremely rare” and “substantial.” The Kuhlmann plurality concluded that “the ‘ends of justice’ require federal courts to entertain [actual innocence] petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.” 477 U.S. at 454, 106 S.Ct. 2616; and that the petitioner would be required to establish by a “ ‘fair probability’ ” that “ ‘the trier of the facts would have entertained a reasonable doubt of his guilt.’ ” Id. “To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence'— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.” Schlup v. Delo, 513 U.S. at 324, 115 S.Ct. 851.
In Bousley the Supreme Court indicated that the habeas petitioner who would state a claim of actual-innocence of a guilty plea conviction must plead or point to facts which, if proven, show that his guilty plea was constitutionally invalid and that he is probably innocent of that crime. The Bousley court clearly suggested that, before a defendant may ask a habeas court to apply the actual-innocence exception in adjudicating his successive or procedurally defaulted constitutional claim after his guilty plea conviction, the defendant must first allege facts and/or point to facts referred to in the record which, if proven, show that his guilty plea was not constitutionally valid. See Bousley, 523 U.S. at-, 118 S.Ct. at 1609, in pertinent part, stating:
[T]hat ... prior to pleading guilty, he was provided with a copy of his indictment, which charged him with “using” a firearm ..., standing alone, give[s] rise to a presumption that the defendant was informed of the nature of the charge against him. Henderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258-2259, 49 L.Ed.2d 108 [](1976); id. at 650, 96 S.Ct. at 2260 (White, J., concurring). Petitioner nonetheless maintains that his guilty plea was *915 unintelligent because the District Court subsequently misinformed him as to the elements of a § 924(c)(1) offense. In other words, petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proven, petitioner’s plea ivould be, contrary to the view expressed by the Court of Appeals, constitutionally invalid. (Emphasis added).
Bousley also implies that the petitioner must allege or point to facts which, if proven, demonstrate that he is probably not culpable of the crime to which he pleaded guilty. See Bousley, 523 U.S. at-, 118 S.Ct. at 1612. Although the Bousley majority did not expressly so state, Bousley evidently had alleged or pointed to facts in the record which if proven, demonstrated his probable actual innocence of “using” a firearm which he, in fact, merely possessed. Justice Stevens, concurring in part and dissenting in part, stated that “in 1990 when petitioner was advised by the trial judge, by his own lawyer, and by the prosecutor that mere possession of a firearm would support a conviction under § 924(c), he received critically incorrect legal advice.” Id. at-, 118 S.Ct. at 1613. The majority opinion does not take issue with Justice Stevens’ statement and the tenor of the dissenting opinion tends to confirm his reading of the record. Id. at---, 118 S.Ct. at 1611-12, 1614-17.
In the present case, Torres has not alleged or pointed to facts in the record which, if proven, would show that his guilty plea was constitutionally invalid or that he probably was actually innocent of “carrying” a firearm in violation of § 924(e). Consequently, I concur in upholding the District Court’s dismissal of Torres’ habeas petition for this reason alone.
However, I do not think it is appropriate for this appellate court to comment upon what the petitioner could or could not prove on the merits of a hypothetical actual innocence inquiry. When a petitioner alleges or refers to facts which, if proven, support a substantial claim of probable actual innocence, it is not within this court’s province to make the determination on the merits of whether it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. According to Bousley it is appropriate to remand such a case to the district court to permit the petitioner to attempt to make a showing of actual innocence. Id. at-, 118 S.Ct. at 1611. “If on remand, the petitioner can make that showing, he will then be entitled to have his defaulted claim of an unintelligent plea considered on its merits.” Id. at-, 118 S.Ct. at 1612.
The Supreme Court’s prior opinions discussing the actual-innocence exception also indicate that even in a case that has been fully tried and the defendant has been convicted by a jury, the appellate court should not make the actual-innocence or constitutional violation determination on the merits itself, but should remand the case to the trial court for that purpose. The habeas court must make its determination concerning the petitioner’s innocence, as Judge Friendly described, “ ‘in the light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.’ ” Schlup v. Delo, 513 U.S. at 328, 115 S.Ct. 851, quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev 142, 160 (1970). Such a determination usually will call for the taking of additional evidence from the petitioner and the government and require the District Court to assess the probative force of the newly presented evidence, and how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of the evidence. Schlup v. Delo, 513 U.S. at 331-32, 115 S.Ct. 851. On the other hand, if the petitioner, as in the present case, has failed to state a substantial claim of actual innocence that a federal court is required to entertain, the systemic interests in finality, comity, and conservation of judicial resources requires that the district court’s dismissal of the habeas petition be affirmed solely for that reason.
Other than my disagreement with the majority’s apparent decision to deal with the merits of the actual innocence issue rather *916 than dismiss the petition for a failure to state a substantial claim thereof, I concur in the majority opinion.